COLUMBUS PIPE & EQUIPMENT COMPANY, Plaintiff-Appellant, v. ACKERSON, Defendant-Appellee.

Ohio Appeals, Second District, Franklin County.

No. 4821.   Decided September 25, 1953.

Schwartz & Gurevitz, Carl B. Mellman, of Counsel, Columbus, for plaintiff-appellant.

George E. Tyack, Irving M. Gertner, Columbus, for defendant-appellee.

## OPINION

By MILLER, J.

This is a law appeal from the judgment of the Municipal Court of Columbus, Ohio, sustaining the defendant's motion to dismiss at the close of the plaintiff's case. The action was one seeking to recover the balance due upon an alleged account with the defendant which fact was denied by the defendant's answer.

It should be noted first that in passing upon the defendant's motion the Court was required to construe the evidence most favorably to the plaintiff, and if in so doing it should find that upon any essential issue reasonable minds might differ then the motion should have been overruled. **Hamden Lodge v. Gas Co., 127 Oh St 469.** Briefly stated the testimony favorable to the plaintiff disclosed that it is engaged in the sale of certain building supplies; that the defendant employed John Toone to do plumbing work for him; that in September, 1950, the defendant appeared at the offices of the plaintiff in the company of John Toone and made arrangements with the plaintiff whereby the defendant's purchases would be charged to his account; that at this time certain supplies and materials were ordered and the same were signed for by said John Toone; that on several subsequent occasions both the defendant and Toone visited plaintiff's plant and ordered other materials; that at least some of these orders were signed by Toone but they were all paid for by the defendant; that on other occasions materials were ordered sometimes by the defendant and sometimes by Toone and said materials were picked up and signed for either by Toone or his truck driver Bowman and that these orders were paid for by the defendant without objection; that the materials and supplies which were put in account by this litigation were purchased during the latter part of October, 1950, and on the first day of November of that year. Some of these orders were signed by Toone and some by his driver Bowman; that the defendant never informed the plaintiff that Toone was not authorized to purchase supplies for him until after payment was due for the October and November purchases.

The record reveals further that during the latter part of December, 1950, two representatives of the plaintiff discussed with the defendant the fact that the time for filing a mechanic's lien against the defendant's property would expire on January 2, 1951; that the defendant executed a draft on the Buckeye Savings & Loan Company for the balance due on October and November orders, payable to the plaintiff, that thereupon the plaintiff refrained from filing a mechanic's lien upon the defendant's property; that after the time for filing said mechanic's lien on the defendant's property had expired the defendant stopped payment upon said draft.

In the light of all this testimony we are of the opinion that the Court erred in sustaining the defendant's motion. Although express authority does not appear to have been given the plaintiff to permit John Toone to charge merchandise to the defendant, the evidence is sufficient to warrant a finding that an agency arose by implication or estoppel. See 1 O. Jur. 632. A presumption of an agency may arise from the manner in which the agent has acted with the consent, or, at

least, without the disapproval of the presumed principal. **1 O. Jur. 634.** Once an agency is shown to have existed it will be presumed to have continued in the absence of anything to show its revocation.

In applying the foregoing legal principles to the evidence presented the Court might well have found that the defendant approved of the conduct of his alleged agent Toone. He paid the plaintiff for some of the materials ordered by Toone and did not indicate to it that Toone's authority to act for him had expired.

It is our conclusion that the plaintiff made a prima facie case and the Court erred in sustaining the motion to dismiss. The judgment will be vacated and cause remanded for further proceedings according to law.

WISEMAN, PJ, HORNBECK, J, concur.